# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BILLY JOE WALKER, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:19-cv-00644 |
| | ) | |
| v. | ) | **MEMORADNUM OPINION** |
| | ) | |
| BARRY KANODE, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Billy Joe Walker, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Walker has sought leave to proceed *in forma pauperis*. Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), I conclude that it fails to state a federal claim and must be dismissed. To the extent the complaint adequately alleges any state-law claims, I will decline to exercise supplemental jurisdiction over those claims.

I.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Walker's complaint first alleges that, in February 2019, he was placed in segregation while incarcerated at River North Correctional Center. He alleges that some of his personal

property was lost upon his transfer to segregation and that, despite his complaints and a purported investigation, he was never compensated for that loss or destruction of his property. He alleges that this constitutes both a violation of his equal protection rights and his procedural and substantive due process rights. He also asserts related state-law tort and due process claims.

Walker's remaining claims relate to his employment after his subsequent transfer to Keen Mountain Correctional Center. While there, he was employed in the kitchen. In August 2019, he was placed on sick leave because he had a staph infection. Either before or after his medical excuse expired, Walker alleges that his job was terminated by defendant Wade "without any notice or formal due process and in violation of the offender work program policy." (Compl. ¶ 26.) He claims that his termination violated his equal protection and due process rights.

He complained about being fired by defendant Wade, and he was later allowed to go back to work. On his first day back, defendant correctional officer Hess made the statement, "I don't know how [you're] back but it will not last." (*Id.*, ¶ 27.) The following day, Walker told the supervisor, defendant Stiltner, that he was putting in his two-week notice. In response, Stiltner fired him. Walker alleges that the actions of Hess and Stiltner "of threatening and harassing the Plaintiff due to the Plaintiff filing a complaint on James Wade" constitutes "cruel and unusual punishment" in violation of his Eighth Amendment rights. (*Id.*, ¶ 32.)

Lastly, Walker alleges that defendants Davis and Clarke are liable for the constitutional violations under "supervisor liability." (*Id.*, ¶¶ 33–34.)

II.

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85

(4th Cir. 2017) (citation and internal quotation marks omitted). Walker's complaint fails to state a § 1983 claim.

First, as to Walker's lost or destroyed property, allegations that prison officials deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because plaintiff possessed tort remedies under Virginia state law, see Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.[1] Thus, his claims based on the loss of his property must be dismissed pursuant to 28 U.S.C. § 1915A.[2]

Second, as to the loss of Walker's prison job, there is no protected liberty or property interest in prison employment. *See O'Bar v. Pinion*, 953 F.2d 74, 82–84 (4th Cir. 1991); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). Thus, his allegations concerning his job do not give rise to a due process violation.

Likewise, Walker's allegation that his termination violated the prison's policy governing employment does not state a constitutional claim. A state's failure to adhere to its own

---

[1] Walker is not claiming that his property was destroyed pursuant to a prison policy, so I need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

[2] Although Walker also alleges that both the deprivation of his property and his termination violated his equal protection rights, his complaint does not contain any allegations that would support an equal protection claim. To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001)).

procedures and regulations is not a federal due process issue nor is it actionable under § 1983. *See Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim.").

Third, Walker's Eighth Amendment claims against Hess and Stiltner also fail. Neither a statement like the one made by Hess nor a termination from prison employment gives rise to an Eighth Amendment violation. Instead, an Eighth Amendment claim requires—at a minimum—either a "nontrivial" use of force, *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), or a showing of prison conditions that demonstrate a "significant physical or emotional harm, or a grave risk of such harm," *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). There is no allegation of force here, trivial or otherwise, and neither Hess's statement nor Walker's termination from employment constitutes a condition that gave rise to any "significant physical or emotional harm" or risk of such harm. *See id.*; *see also Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."). Thus, Walker's Eighth Amendment claims also must be dismissed.

Although Walker does not expressly plead a retaliation claim, his complaint alleges that Hess and Stiltner "threatened and harassed" him because he filed a grievance against Wade. To the extent Walker intended to assert a First Amendment retaliation claim, the vague and general allegations he makes in his amended complaint are insufficient. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (finding that inmate must present more than conclusory allegations of retaliation). "A plaintiff seeking to assert a § 1983 claim on the ground that he experienced government retaliation for his First Amendment-protected speech must establish three elements: (1) his speech was protected, (2) the alleged retaliatory action adversely affected his

4

protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). As to Hess's alleged statement, it is unclear whether that would satisfy the second element of a retaliation claim, which requires an action by defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

In any event, Walker cannot establish the third element as to Hess or Stiltner, which requires him to provide evidence that supports a reasonable inference that the defendant took the alleged retaliatory action because of the prisoner's exercise of a constitutionally protected right. *See Adams*, 40 F.3d at 75. Walker offers no *facts*, only his bald assertion, to tie either Hess's statement or the termination by Stiltner to any complaint Walker previously made; such an assertion is insufficient to state a claim. *See Adams*, 40 F.3d at 74 (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that courts must treat an inmate's claim of retaliation by prison officials "with skepticism").

Lastly, Walker's claims of supervisory liability against Davis and Clarke fail. "In order to succeed on a § 1983 claim for supervisory liability, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular

5

constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Not only has Walker failed to otherwise state a constitutional violation, as already discussed, but he also has wholly failed to state any facts on which Davis or Clarke could be liable under such a theory.

III.

For the foregoing reasons, I will summarily dismiss Walker's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). All of his federal claims, with the exception of any retaliation claim, are dismissed with prejudice. His retaliation claim is dismissed without prejudice to his ability to refile it, with additional factual support, in a separate case, should he so choose

To the extent that Walker may have some claim against the defendants under state law, I decline to exercise supplemental jurisdiction over such state-law claims and will dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c).

An appropriate order will be entered.

**ENTER**: This 5th day of May, 2020.

/s/ Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE